O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br>v.<br>SAMUEL JONNELL WILLIAMS<br>Defendant | Case No. 2:13-CV-03092 ODW<br>11-CR-00520 ODW-**<br><br>ORDER DISMISSING MOTION BROUGHT UNDER 28 USC § 2255 |

## I. INTRODUCTION

Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15.

## II. FACTUAL BACKGROUND

On October 18, 2011 Williams plead guilty to counts two and three of a three count indictment charging conspiracy to possess with intent to distribute and to distribute at least five kilograms of cocaine (count one) and conspiracy to interfere with commerce by robbery (count two) and use and carry a firearm during and in relation to and possession of that firearm in furtherance of a drug trafficking offense and a crime of violence. (count three.)

On February 1, 2012 Williams was ordered confined by the Bureau of Prisons for a term of 66 months on Counts two and three of the Indictment. This term consists

of 6 months on Count two of the Indictment, and 60 months on Count three of the Indictment, to be served consecutively. On that same day the court issued its judgment and commitment order.

Under 28 U.S.C. § 2255(f), Petitioner Williams had one year from the "date on which the judgment of conviction becomes final." In his plea agreement, filed September 30, 2011 [104] he expressly waived his right to appeal his sentence if, before application of the 5 year mandatory consecutive sentence for the firearm count, he was sentenced in conformity with an offense level of 18 and a criminal history category I, or within the range of 27-33 months. In point of fact, he was sentenced to only 6 months before application of the five year mandatory consecutive sentence. Thus, he had waived his right of appeal.

In any event, had he intended to appeal, his notice of appeal should have been filed 14 days following entry of judgment, or by February 15, 2012. When he did no seek an appeal his conviction became final 14 days later on February 15, 2012, when William's "availability of appeal [was]exhausted." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). His one year period within which to file his 2255 petition expired February 15, 2013.

Unfortunately, Williams filed this petition on May 1, 2013—well after the one year statute of limitations. Thus, despite any merit Taylor's petition may have, his petition is time-barred.

Equitable tolling may apply in certain circumstances. But a petitioner must demonstrate that he diligently pursued his rights and was unable to timely file his petition because of extraordinary circumstances.. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). Here, Williams states no facts to support equitable tolling except for his belief that he had until May 1, 2013, to file this petition. (Pet. 3.) Yet this is not enough—his inability to calculate time is "not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). And even if this inability was attributed to a lack of legal knowledge of the applicable time periods, that is also insufficient to invoke equitable tolling. *Id.* Indeed, equitable tolling is an extraordinary remedy, "the threshold . . . is very high." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Equitable tolling does not apply in this case.

William's Petition for Writ of Habeas Corpus is time-barred under 28 U.S.C. § 2255(f). The government's Motion to Dismiss (ECF No. 4) is **GRANTED**; William's petition is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

June 7, 2013

_____
             **OTIS D. WRIGHT, II**
         **UNITED STATES DISTRICT JUDGE**